UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES MARTIN SAMEC,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

No. 1:15-CV-3071-LRS

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA*

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 14) and the Defendant's Motion For Summary Judgment (ECF No. 17).

## JURISDICTION

James Marten Samec, Plaintiff, applied for Title II Disability Insurance benefits (DIB) and Title XVI Supplemental Security Income benefits (SSI) on April 24, 2012. The applications were denied initially and on reconsideration. Plaintiff timely requested a hearing which was held on August 1, 2013 before Administrative Law Judge (ALJ) Virginia Robinson. Plaintiff testified at the hearing, as did Vocational Expert (VE) Kimberly Mullinax. On October 25, 2013, the ALJ issued a decision finding the Plaintiff not disabled. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's final decision subject to judicial review. The Commissioner's final decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 1**

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of the administrative hearing, Plaintiff was 52 years old. He has past relevant work experience as an industrial truck operator and tractor trailer truck driver. Plaintiff alleges disability since February 15, 2012, on which date he was 51 years old.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 2**

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in: 1) evaluating the medical opinions of record; 2) discounting Plaintiff's credibility; and 3) failing to adequately develop the record.

## DISCUSSION

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If she is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii) and

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 3**

416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found the following: 1) Plaintiff has "severe" medical impairments, those being degenerative disc disease and osteoarthritis; 2) Plaintiff's impairments

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 4**

do not meet or equal any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1; 3) Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the caveat that "[h]e is limited to jobs that can be performed while using a hand-held assistive device only for uneven terrain or prolonged ambulation;" 4) Plaintiff's RFC does not allow him to perform his past relevant work, but (5) it does allow him to perform other jobs existing in significant numbers in the national economy as identified by the VE, including Cashier II, Assembler, and Counter Attendant. Accordingly, the ALJ concluded the Plaintiff is not disabled.

**DUTY TO DEVELOP RECORD**

The earliest reference in the record to Plaintiff's musculoskeletal issues is from March 2011. A report from Dennis J. McCullough, PA-C, indicates Plaintiff "has chronic lumbar pain from degenerative changes of the lumbar spine." (AR at p. 291). Plaintiff was still working in March 2011. The record indicates he was on medical leave from work in late 2011 for two months and that he returned to work until on or about February 15, 2012. (AR at p. 306). A report from Tie Wei, M.D., of Memorial Physicians, LLC, dated March 7, 2012, indicates Plaintiff's back pain was "better" due to the fact he was not working now and there had been more pain when he was working as a forklift driver. (AR at p. 299). Plaintiff started a course of chiropractic treatment in April 2012 after he started developing pain symptoms due to yard work. (AR at pp. 316-27).

Dr. Wei referred Plaintiff to Jeffrey M. Ventre, M.D., a fellow physician at Memorial Physicians, LLC. It appears Plaintiff first saw Dr. Ventre in March 2013. Dr. Ventre noted the Plaintiff had undergone chiropractic treatment, "but stopped because it hurt too much." Dr. Ventre indicated he would start the Plaintiff on physical therapy, order some x-rays, and have the Plaintiff return in four weeks. (AR

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 5**

at p. 402). Plaintiff returned on April 25, 2013. X-rays revealed spondylosis. Dr. Ventre observed that Plaintiff's gait was "mildly unstable" and recommended a rolling walker. (AR at p. 405). Dr. Ventre wrote him a prescription for the walker. (AR at p. 417). The rolling walker had been obtained by Plaintiff the next time he saw Dr. Ventre on May 23, 2013. (AR at p. 407). On June 17, 2013, Plaintiff had an appointment with Dr. Ventre to discuss MRI results. The MRI "revealed far left disc protrusions at L3-4 and L4-5." (AR at p. 409).

Ten days earlier, on June 7, 2013, Plaintiff saw Amanda Ryder, M.D., also with Memorial Physicians, LLC, pursuant to a referral from Dr. Wei. This would be the only time he saw Dr. Ryder. Her report indicates he was seen for his diabetes mellitus (DM) and to establish Dr. Ryder as new provider for care of that condition. (AR at p. 380).[1] Nevertheless, Dr. Ryder did say something about Plaintiff's pain:

> He has chronic low back pain and fibromyalgia and has an agreement with Dr. Wei for vicodin #60 per month. He says his last dose was this am, and he is going to run out as he takes 2 in the am, and 2 in the pm, and wants more. Last urine drug screen was 7/12 and was positive for cocaine; he told Dr. Wei that was just a one time thing. He is using marijuana nightly for his pain and it helps him to sleep; also uses cyclobenzaprine 10 mg 2 tablets at bed to help relax his muscles; says Dr. Shaul told him to take it that way. **He is also seeing Dr. Ventre for his low back pain and just had an MRI last week for this. He will meet with him again and review the findings.**

(AR at p. 380)(Emphasis added).

On June 20, 2013, Plaintiff's counsel sent Dr. Ryder a one page questionnaire regarding Plaintiff's physical capacity for full-time employment. (AR at p. 414). Dr. Ryder checked the box indicating Plaintiff could perform sedentary work as defined in 20 C.F.R. Section 404.1567(a) and Section 416.967(a). This is the only physical capacity opinion in the record offered by a treating or examining physician. It is

---

[1] Dr. Ryder was listed as the "PCP' (Primary Care Provider) in some of the reports authored by Dr. Ventre. (AR at pp. 405, 407 and 409).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

understandable that counsel would solicit such an opinion as heretofore, no such opinion had been offered.

The ALJ gave "very little weight" to Dr. Ryder's opinion, noting that Dr. Ryder checked a box on a questionnaire, the questionnaire was provided by Plaintiff's counsel, and Dr. Ryder did not include any comments. (AR at p. 20). According to the ALJ:

> [Dr. Ryder] saw the claimant one time, her objective findings did not support a sedentary exertional level, and the longitudinal records do not support a sedentary exertional level. Her opinion is inconsistent with the claimant's reported activities. **In October 2012**, Dr. Hurley, a State agency medical consultant, reviewed the record and concluded that the claimant could perform medium work[2] with postural limitations, frequent overhead reaching on the left, and environmental limitations. Dr. Hurley summarized the medical evidence through **July 2012.** ([Ex.] 10A).
>
> **Dr. Hurley did not have access to more recent MRI findings**. In light of all the medical records, I have reduced the exertional level to light[3] and given the claimant more severe postural limitations. And, although I seriously question the need for any assistive device, I recognize that the claimant does have a prescription, as unsupported as the basis for the prescription may be. Therefore, I have included in his residual functional capacity assessment the requirement for a hand-held assistive device, for uneven terrain or prolonged ambulation only.

(AR at p. 20)(Emphasis added).

Dr. Hurley, a non-examining consultant, summarized medical evidence through July 2012, almost a full year before Dr. Ryder rendered an opinion, and before Plaintiff started seeing any of the physicians at Memorial Physicians, LLC, including Drs. Wei and Ventre. Dr. Hurley did not review any of the x-ray or MRI findings which Dr. Ventre had available to him. In an apparent concession to the limited scope of Dr. Hurley's review, the ALJ seems to have simply split the difference

---

[2] "Medium" work is defined in 20 C.F.R. §§404.1567(c) and 416.967(c).

[3] "Light" work is defined in 20 C.F.R. §§404.1567(b) and 416.967(b).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 7**

between Dr. Hurley's October 2012 RFC assessment and Dr. Ryder's June 2013 RFC assessment.

It is true that Dr. Ryder saw the Plaintiff only once and did so before she had the benefit of the MRI findings. Even then, it appears Dr. Ryder's primary purpose was to treat the Plaintiff for diabetes, while Dr. Ventre was the one entrusted with treating Plaintiff's musculoskeletal impairments. Dr. Ryder provided no comments along with her "check-the-box" answer to counsel's questionnaire. Instead of requesting an independent medical examination or consultative examination to assist in determining Plaintiff's RFC, the ALJ concluded on her own that "the longitudinal records do not support a sedentary exertional level" (AR at p. 20) and assumed that because the x-rays referenced by Dr. Ventre "showed no more than marginal to mild degenerative disease" (AR at pp. 19, 400-01), there was no basis for his conclusion that Plaintiff had an "unstable gait." The ALJ assumed, without seeking the assistance of a medical expert, that there was "no medical explanation provided as to what condition could be causing an unstable gait" and that there had been "no workup to determine the cause of the unstable gait." (AR at p. 19).[4] At the conclusion of the administrative hearing, the ALJ mused about the potential helpfulness of a consultative examination ("I noticed that one wasn't done, even though, I'm not sure why"), but ultimately rendered a decision without ordering such an examination. (AR at p. 65).

This court concludes the ALJ should have ordered a consultative examination and taken any other necessary steps to develop the record. The ALJ recognized the inadequacy of the record before her. The record was indeed inadequate to support

---

[4] Although the ALJ grudgingly acknowledged Plaintiff had a prescription from Dr. Ventre for a walker, she found he only needed this for "uneven terrain or prolonged ambulation," even though it appears Dr. Ventre never so opined.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

any conclusion regarding Plaintiff's residual functional capacity, including the ALJ's own conclusion. The ALJ has a "special duty to fully and fairly develop the record and to assure the claimant's interests are considered." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). The ALJ has a basic duty to inform herself about facts relevant to her decision. *Heckler v. Campbell*, 461 U.S. 458, 471 n. 1, 103 S.Ct. 1952 (1983). The ALJ's duty to develop the record exists even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The duty is triggered by ambiguous or inadequate evidence in the record and a specific finding of ambiguity or inadequacy by the ALJ is not necessary. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

Like Dr. Hoeflich in the *Smolen* case, Dr. Ryder did not provide comments to support her "check-the-box" answer and therefore, the ALJ did not know the basis for Dr. Ryder's opinion and assumed they might be based on unwarranted assumptions. 80 F.3d at 1288. The ALJ had a duty to develop the record to determine if that was so. There may be "clear and convincing" or "specific and legitimate" reasons for rejecting Dr. Ryder's opinion- and the ALJ may have already articulated them- but this cannot be fairly ascertained without further development of the record.[5] Likewise, there may be "clear and convincing" reasons for discounting Plaintiff's

///
///
///

---

[5] If the treating or examining physician's or psychologist's opinion is not contradicted, it can be rejected only for clear and convincing reasons. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if specific, legitimate reasons that are supported by substantial evidence are given. *Id*.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 9**

credibility[6]- and the ALJ may have already articulated them- but that too cannot be fairly ascertained without further development of the record.

**REMAND**

Social security cases are subject to the ordinary remand rule which is that when "the record before the agency does not support the agency action, . . . the agency has not considered all the relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1099 (9th Cir. 2014), quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598 (1985).

This matter will be remanded to the Commissioner for further "investigation." On remand, the Commissioner will order the Plaintiff to undergo a consultative medical examination at the Commissioner's expense. The Commissioner will also take whatever additional steps are necessary to develop the record. The Commissioner will conduct a further hearing, if necessary, and render findings and

///

///

---

[6] Where, as here, the Plaintiff has produced objective medical evidence of an underlying impairment that could reasonably give rise to some degree of the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ's reasons for rejecting the Plaintiff's testimony must be clear and convincing. *Garrison v. Colvin*, 759 F.3d 95, 1014 (9t. 2014); *Burrell v. Colvin,* 775 F.3d 1133, 1137 (9th Cir. 2014).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 10**

a determination whether Plaintiff became disabled at any time between February 15, 2012 and August 19, 2015.[7]

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 14) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 17) is **DENIED**. The Commissioner's decision is **REVERSED**. Pursuant to sentence four of 42 U.S.C. §405(g) and § 1383(c)(3), this matter is **REMANDED** to the Commissioner for further proceedings as set forth above. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel of record.

**DATED** this 12th day of December, 2016.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

---

[7] After the Appeals Council denial on the applications which are the subject of this order, Plaintiff re-applied for disability benefits. This new application was granted by the Commissioner who established a disability onset date of August 19, 2015.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 11**